**UNITED STATES of America,
Plaintiff,**

v.

**Robert Murray BOHN,
et al., Defendants.**

**Criminal No. 02–20165–D/A.**

United States District Court,
W.D. Tennessee,
Western Division.

Aug. 17, 2004.

Christopher E. Cotten, Dan Newsom, U.S. Attorney's Office, Memphis, TN, for Plaintiff.

Alan S. Futerfas, Law Office of Alan S. Futerfas, New York, NY, Glen G. Reid, Jr., Wyatt Tarrant & Combs, Memphis, TN, for Defendants.

**ORDER DENYING DEFENDANT'S
MOTION TO MODIFY THE CON-
DITIONS OF HIS RELEASE**

DONALD, District Judge.

Before the Court is Robert Murray Bohn's ("Defendant") Motion to Modify Conditions of Release. (Doc. 261.) The Government opposes the motion. The Court heard arguments of counsel and testimony of the Defendant on July 27, 2004, and took the matter under advisement.

The Court set four conditions on Defendant's release: a $250,000 cash bond; surrender of passport; restriction of residence to the District of Nebraska; and restriction of travel to the Western District of Tennessee. (Order Setting Conditions of Release, Doc. No. 152.) Defendant moves the Court to modify the restriction on his residence and allow him to return to Vanuatu. The Government argues that no condition on his release exists that could ensure that Defendant would return to appear before this Court.

The Bail Reform Act sets forth four factors which the Court must consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. These factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g) (2004).

The parties agree that Defendant is not a danger to a community. The focus of the Court's inquiry is Defendant's risk of flight. Defendant makes one suggestion of an adequate assurance of his return. Recognizing that Vanuatu is not a party to an extradition treaty with the United States, Defendant is prepared to execute a waiver of extradition and to obtain a certification from the Vanuatu Government that it will honor an application for extradition without requiring a hearing or the presentation of any evidence in support of the application. Assuming that a Vanuatu official would sign such a certification, the Court finds that this alternative is inadequate assurance that Defendant will return for his trial. Such a certification has no legal significance, and the Government has no way of enforcing it, making it inconsequential in this analysis.

Defendant has put forth no other option for the Court's review. Defendant testified that he took Vanuatu citizenship because Vanuatu is a volatile country with inconsistent enforcement of its laws. As his father testified in an earlier hearing, "you could be kicked out of the country for no actual reason whatsoever, which didn't give you much security in your investment." (Tr. of Feb. 5, 2003 Hearing at 48.) The certification of such a country gives the Court reason to be distrustful. The Court is sympathetic to the fact that Defendant's wife, father, and friends reside in Vanuatu, but the Court will not allow Defendant to go back to Vanuatu on his word alone.

Defendant argues that due process requires that either the conditions of Defendant's release be amended to allow him to return to Vanuatu or that the charges against him be severed so he might enjoy a speedy trial. In this Order, the Court does not modify Defendant's conditions of release or sever his claims. Nevertheless, the Court recognizes that Defendant has a viable argument. A grand jury returned an indictment of Defendant on May 8, 2002, and the Government arrested him in December 2002. After nearly two years of requesting an expeditious disposition of him claims, Defendant is without even a trial date. As time progresses, the Government must either proceed with its prosecution of Defendant in a timely fashion, or it must dismiss the indictment against him.

For the foregoing reasons, the Court **DENIES** Defendant's motion to modify the conditions of his release. The Court also **DENIES** Defendant's motion, in the alternative, for severance and a speedy trial.